**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-14030 CANNON/MAYNARD

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

FILED BY _MB_ D.C.

JUN 05 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA

vs.

VALORY MARTINEZ,
MARTHA LAMY,
JOSELINE COLON,
and
MARK COLON,

            Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Conspiracy to Purchase Firearms by Means of False Statement**
**(18 U.S.C. § 371)**

From in or around June 2023, the exact date being unknown to the Grand Jury, and continuing through in or around December 2023, in Highlands, and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the defendants,

**VALORY MARTINEZ,**
**MARTHA LAMY,**
**JOSELINE COLON,**
**and**
**MARK COLON,**

did knowingly and willfully combine, conspire, confederate, and agree with parties known and unknown to the Grand Jury, to commit any offense against the United States, that is to willfully

purchase firearms by means of a false statement, in violation of Title 18, United States Code, Sections 922(a)(6).

## OBJECT AND PURPOSE OF THE CONSPIRACY

It was an object and purpose of the conspiracy for the defendant and her co-conspirators to purchase firearms by means of a false statement.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

1. Known and unknown co-conspirators purchased firearms from a variety of sources within the Southern District of Florida.

2. **VALORY MARTINEZ** directed known and unknown co-conspirators to purchase firearms on her behalf.

3. **MARTHA LAMY, JOSELINE COLON, and MARK COLON,** and unknown co-conspirators made false and fictitious written statements to the firearms dealers that were intended and likely to deceive the dealers with respect to any fact material to the lawfulness of the sale and other disposition of said firearms, specifically, that they were the buyers of the firearms, when in truth and fact, they were purchasing the firearms for **VALORY MARTINEZ and DANIEL MARTINEZ.**

4. **VALORY MARTINEZ and DANIEL MARTINEZ** then purchased the aforementioned firearms from known and unknown co-conspirators.

2

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purposes thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about July 4, 2023, **MARK COLON** purchased five firearms from a Federal Firearms Licensee in Sebring, Highlands County, Florida, in the Southern District of Florida.

2. From on or about August 11, 2023, through on or about August 17, 2023, **MARK COLON** purchased five firearms from a Federal Firearms Licensee in Sebring, Highlands County, Florida, in the Southern District of Florida.

3. From on or about August 17, 2023, through on or about August 18, 2023, **JOSELINE COLON** purchased five firearms from a Federal Firearms Licensee in Sebring, Highlands County, Florida, in the Southern District of Florida.

4. On or about September 3, 2023, **VALORY MARTINEZ** purchased eleven firearms at a gun show in Miami, Florida, from a Federal Firearms Licensee based in Apopka, Orange County, Florida, in the Middle District of Florida.

5. From on or about September 5, 2023, through on or about September 9, 2023, **JOSELINE COLON** purchased five firearms from a Federal Firearms Licensee in Lakeland, Polk County, Florida, in the Middle District of Florida.

6. From on or about September 20, 2023, through on or about September 24, 2023, **VALORY MARTINEZ** purchased ten firearms from a Federal Firearms Licensee in Lakeland, Polk County, Florida, in the Middle District of Florida, on behalf of her husband, **DANIEL MARTINEZ**.

7. From on or about October 7, 2023, through on or about October 12, 2023, **MARTHA LAMY** purchased ten firearms from a Federal Firearms Licensee in Sebring, Highlands County, Florida, in the Southern District of Florida, and later resold the firearms to **VALORY MARTINEZ**.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about July 4, 2023, in Highlands County, in the Southern District of Florida, the defendants,

**VALORY MARTINEZ,**
**and**
**MARK COLON,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Shird S. Moore, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearms, in that **MARK COLON** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and fact, and as **MARK COLON** then and there well knew, he was purchasing the firearms for **VALORY MARTINEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

4

## COUNT 3
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about August 11, 2023, in Highlands County, in the Southern District of Florida, the defendants,

**VALORY MARTINEZ,**
and
**MARK COLON,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Shird S. Moore, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearms, in that **MARK COLON** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and fact, and as **MARK COLON** then and there well knew, he was purchasing the firearms for **VALORY MARTINEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 4
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

On or about August 17, 2023, in Highlands County, in the Southern District of Florida, the defendants,

**VALORY MARTINEZ,**
and
**JOSELINE COLON,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Bean Armory, did knowingly make any false and fictitious written statement to the dealer, which

statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearms, in that **JOSELINE COLON** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that she was the actual buyer of the firearms, when in truth and fact, and as **JOSELINE COLON** then and there well knew, she was purchasing the firearms for **VALORY MARTINEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 5
**Purchase of Firearms by Means of False Statement**
**(18 U.S.C. §§ 922(a)(6) & 2)**

On or about September 3, 2023, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VALORY MARTINEZ,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Shoot Straight, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearms, in that **VALORY MARTINEZ** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that she was the actual buyer of the firearms, when in truth and fact, and as **VALORY MARTINEZ** then and there well knew, she was purchasing the firearms for **DANIEL MARTINEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 6
### Purchase of Firearms by Means of False Statement
### (18 U.S.C. §§ 922(a)(6) & 2)

From on or about October 7, 2023, in Highlands County, in the Southern District of Florida, the defendants,

**VALORY MARTINEZ,**
and
**MARTHA LAMY,**

in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Bean Armory, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearms, in that **MARTHA LAMY** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that she was the actual buyer of the firearms, when in truth and fact, and as **MARTHA LAMY** then and there well knew, she was purchasing the firearms for **VALORY MARTINEZ**, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## FORFEITURE ALLEGATIONS

1.　The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **VALORY MARTINEZ, and MARTHA LAMY, and JOSELINE COLON, and MARK COLON** have an interest.

2.　Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Sections 922 or 924, or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-14030 CANNON/MAYNARD

v.

VALORY MARTINEZ et. al.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☑ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __7__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I ☐ 0 to 5 days
   - II ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
CHRISTOPHER H. HUDOCK
Assistant United States Attorney
FL Bar No.          92454

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: VALORY MARTINEZ

**Case No**: 25-CR-14030 CANNON/MAYNARD

Count #: 1

Conspiracy to Purchase Firearms by Means of False Statement, 18 U.S.C. §371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 2-6

Purchase of Firearms by Means of False Statement, 18 U.S.C. §§ 922(a)(6) & 2

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MARTHA LAMY

**Case No**: 25-CR-14030 CANNON/MAYNARD

Count #: 1

Conspiracy to Purchase Firearms by Means of False Statement, 18 U.S.C. §371

* **Max. Term of Imprisonment**: 5 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: up to 3 years
* **Max. Fine**: $250,000 fine / $100 Special Assessment

Count #: 6

Purchase of Firearms by Means of False Statement, 18 U.S.C. §§ 922(a)(6) & 2

* **Max. Term of Imprisonment**: 10 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: up to 3 years
* **Max. Fine**: $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOSELINE COLON

**Case No**: 25-CR-14030 CANNON/MAYNARD

Count #: 1

Conspiracy to Purchase Firearms by Means of False Statement, 18 U.S.C. §371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 4

Purchase of Firearms by Means of False Statement, 18 U.S.C. §§ 922(a)(6) & 2

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARK COLON

**Case No:** 25-CR-14030 CANNON/MAYNARD

Count #: 1

Conspiracy to Purchase Firearms by Means of False Statement, 18 U.S.C. §371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

Count #: 2, 3

Purchase of Firearms by Means of False Statement, 18 U.S.C. §§ 922(a)(6) & 2

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** $250,000 fine / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.